**UNITED STATES DISTRICT COURT**
**DISTRICT OF**

MELISSA PERARIA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GRAYLING CORPORATION and DOES 1-10, d/b/a CHILI'S GRILL & BAR

Defendants.

Civil Action No. 1:07-cv-02216-RBK-AMD

**AMENDED CLASS ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiff Melissa Peraria ("Plaintiff"), on behalf of himself and a class of all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a proposed class action brought by Plaintiff on behalf of herself and a class of all other similarly situated persons in the United States, whose credit/debit card receipts were unlawfully printed with more than the last five digits of the card number and/or the expiration date by Grayling Corporation ("Grayling") and other unknown Defendants (collectively, "Defendants") d/b/a "Chili's Grill & Bar" ("Chili's").

2. Despite the unquestionable importance of consumer privacy and need for protection of its customers' personal financial information in this digital age, Defendants willfully chose to ignore a law specifically tailored to protect consumers from, *inter alia*, the ever-increasing threat of identity theft and related fraud.

3. Identity theft is one of the fastest-growing crimes in the United States. The Federal Trade Commission ("FTC") estimates that, each year, as many as nine million innocent people fall victim to invasion of their personal and financial privacy, including identity theft, whereby the victim's identity, unbeknownst to them, is assumed by the perpetrator—usually for financial gain.

4. Many identity thieves, commonly known as "carders," further their stealthy trade by gleaning information from lost, discarded or stolen credit/debit card receipts, including credit card numbers and expiration dates. Some thieves, commonly known as "dumpster divers," sift through trash in search discarded receipts; others have been known to frequent shopping malls and peruse streets, seeking misplaced receipts and stealing receipts from unguarded shopping bags.

5. Armed with only the last four digits and a card's expiration date, a skilled hacker can *reverse engineer* a credit card number and steal a victim's account.

6. Some criminals steal credit card information for the purpose of obtaining stolen money and goods; others hack credit card information for sport and post and/or sell hacked credit numbers over the Internet.

7. Recognizing this serious and potentially devastating threat to the nation's consumers, the United States Congress passed the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681 *et. seq*. ("FACTA" or the "Act"). FACTA contains numerous protections for American consumers, including detailed provisions requiring merchants to take certain measures to protect their consumers from identity theft. Among FACTA's safeguards is a national standard, requiring the truncation of information listed on credit and debit card

receipts. In short, FACTA mandates (in part) that a credit card receipt may not contain more than the last five digits of the card number, or the card's expiration date.

8. Because of their unlawful conduct, Defendants are liable to Plaintiff and the Class for damages determined in accordance with the Act.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1681p.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c). Grayling does business in this district and a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

**Plaintiff**

11. Plaintiff Peraria, is a resident of Shamong, New Jersey. Plaintiff Peraria made purchases from a Chili's restaurant located within this district. The electronically-printed receipts provided to Plaintiff at the point of sale displayed the expiration date of her credit card.

**Defendants**

12. Defendant Grayling Corporation is a corporation with headquarters located at 4810 Grape Road, Mishawaka, Indiana 46545-1398. It has multiple restaurant locations in this district. Defendant Grayling is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

13. Without limitation, Defendants Does 1 through 10 include agents, partners, joint venturers, subsidiaries and/or affiliates of Defendant Grayling and, upon information and belief, also own and/or operate Chili's restaurants. Each of Defendants Does 1 through 10 is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of

FACTA. As used herein, where appropriate, the terms "Grayling" and the "Company" are inclusive of Defendants Does 1 through 10.

14. Plaintiff is unaware of the true names of Defendants Does 1 through 10. Defendants Does 1 through 10 are thus sued by fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

**FACTUAL ALLEGATIONS**

15. Identity theft is an enormous problem for American consumers. Credit card fraud is one of the principal threats facing American consumers in the 21st century.

16. While personal financial information is often stolen over the Internet through a variety of schemes, the majority of criminals obtain credit card information through traditional means. Robin Sidel, *Identity Theft—Unplugged—Despite the High-Tech Threat, When You Get Ripped Off, It's Usually Still the Old Way*, Wall Street Journal, October 5, 2005, B1. These traditional methods include stealing credit card offers from mailboxes, rifling through trash ("dumpster-diving" or "trashing"), and the like. The Internet is full of advice and how-to guides for thieves interested in such schemes, often called "carders." For instance, one site offers the following:

> Having the card-holders name doesn't hurt, but it is not essential. The absolute best way to obtain all the information needed is by trashing. The way this is done is simple. You walk around your area or any other area and find a store, mall, supermarket, etc., that throws their garbage outside on the sidewalk or dumpster.

*See* http://www.skepticfiles.org/new/086.htm.

17. Thieves also obtain credit card receipts from consumers' personal trash, shopping bags and other places where discarded receipts are likely to be found. Armed with just the last four digits and expiration date, a skilled thief can reverse engineer a victim's card number.

18. "Carders" use stolen credit cards to purchase everything from large-ticket luxury items to small, everyday goods, such as groceries or fast food. Andrea Coombes, *Identity Thieves Steal to Buy Groceries—Easy and Risk: A Perfect Crime for Everyday Life*, Wall Street Journal, February 15, 2007, D3.

19. In response to the growing trend of identity theft, Congress passed FACTA. FACTA was signed into law on December 4, 2003. In recognition of the importance of consumer financial privacy, the Act provided, in part, that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

20. The statute provided a transitional period for compliance. The truncation requirement became effective:

> (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>
> (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g)(3). Accordingly, with respect to machines in use prior to January 1, 2005, compliance was required as of December 4, 2006. With respect to machines first put into use after January 1, 2005, compliance was required as of the date a machine was first put into use.

21. Congress expressly provided for civil liability for willful noncompliance with the statute, including actual damages or statutory damages ranging between $100 and $1,000 per consumer, as well as punitive damages – underscoring the importance of protecting consumers' financial information.

**Defendant Grayling Willfully Violated FACTA**

22. Since its inception in 1975, Chili's has grown to become one of the largest and most recognizable casual dining restaurant chains in the United States, with nearly 1100 domestic locations.

23. Despite FACTA's mandate, Grayling printed more than the last five digits or the expiration date on the credit and/or debit card receipts of Plaintiff and members of the Class after the applicable date set forth in the statute.

24. Since the enactment of FACTA, Defendants have had ample time to comply with the truncation requirements mandated by the statute. The Company had three years to comply with respect to machines in use prior to January 1, 2005 and over one year to ensure that machines first put into use on or after such date were in compliance.

25. Grayling willfully violated FACTA's truncation requirements. The Company knew or should have known of FACTA's requirements. Nonetheless, they willfully ignored the statute and failed to bring its machines into compliance before the promulgated date.

26. Indeed, prior to the effective date of the statute, credit/debit card issuers, such as Visa, MasterCard and others, informed retailers of the impending FACTA requirements. Certain issuers, including Visa and MasterCard, even implemented and informed retailers of their own similar truncation policies prior to FACTA's effective date.

27. For instance, on March 6, 2003, noting that identity thieves can use the information found on some credit card receipts to steal a person's identity, then-Visa CEO Carl Pascarella, together with United States Senators Dianne Feinstein, Judd Gregg, Jon Corzine and

Patrick Leahy, announced new Visa regulations requiring truncation and prohibiting merchants from printing more than the last four digits on customer receipts.[1]

28. Countless businesses across the United States have complied with FACTA and truncated their credit card receipts accordingly. It is simply impossible that Grayling was, actually or constructively, unaware of their statutory obligations and the dangers those provisions were designed to protect. Grayling, however, ignored the statute and failed to ensure that each of its restaurants complied with FACTA.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

> All persons who visited a Chili's restaurant and, at the point of a sale or transaction, were provided with an electronically-printed credit or debit card receipt containing more than the last five digits of the card number or the expiration date from any cash register or other machine or device in violation of FACTA during the applicable statutory period (the "Class").

30. Excluded from the Class are Grayling and its officers, directors, legal representatives, successors and assigns.

31. The Class is so numerous that joinder of all members is impracticable. Grayling provides electronically-printed debit and credit card receipts for thousands of customers, identifiable through its own records.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

---

[1] Further, at least as early as 2001, a number of states passed legislation requiring truncation requirements similar to FACTA—providing that receipts display no more than the last five digits and no expiration date.

33. Plaintiff's claims are typical of the claims of the members of the Class. Regardless of the FACTA effective date applicable to each machine at issue in this matter, the claims arise from the same statutory violation—the Company's failure to properly truncate credit/debit card receipts. The Company's underlying conduct and disregard of FACTA was the same, regardless of when each particular machine was put into use. The Company electronically printed credit/debit card receipts containing more than the last five digits or the expiration date at the point of the sale or transaction for Plaintiff and each member of Class.

34. There are questions of law and fact common to the Class, including but not limited to:

a. *When Grayling's machines that electronically print credit/debit card receipts were put into use;*

b. *Whether Grayling printed more than the last five digits or expiration date on credit/debit card receipts;*

c. *Whether the Company's conduct violated FACTA;*

d. *Whether the Company engaged in willful noncompliance of FACTA's truncation requirements;*

e. *Whether Plaintiff and the Class are entitled to damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and, if so, the measure of such damages;*

f. *Whether Plaintiff and the Class are entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and, if so, the measure of such damages; and*

g. *Whether equitable relief is appropriate to ensure that Defendants cease their unlawful conduct.*

35. These and other questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class members.

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex,

nationwide class action litigation. Plaintiff has no claims antagonistic to those of the Class. Plaintiff's counsel will fairly, adequately and vigorously protect the interests of the Class.

37. Class action status is warranted under Rule 23(b)(1)(A) because the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Grayling.

38. Class action status is also warranted under Rule 23(b)(1)(B) because the prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

39. Class action status is also warranted under Rule 23(b)(2) because the Company has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

40. Class action status is also warranted under Rule 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CLAIM FOR RELIEF

## VIOLATION OF 15 U.S.C. § 1681c(g)(1)

41. Plaintiff hereby incorporates by reference the preceding paragraphs as if they were fully set forth herein.

42. Grayling willfully violated FACTA's truncation requirements. Grayling printed more than the last five digits or the expiration date on the credit and/or debit card receipts of Plaintiff and the Class, in violation of the statute.

43. Grayling knew of, or should have known of, FACTA's legal requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed the Company about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and the Company's need to comply with the same.

44. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendants willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of the Class. Although Grayling had ample time to comply with FACTA, they nonetheless ignored the statute and failed to bring their machines into compliance before the promulgated date.

45. Upon information and belief, Grayling closely manages its restaurants, including tracking and maintaining information from each location. As such, Grayling knew or should have known of both FACTA's truncation requirements and its restaurants' machines' non-

compliance. Despite this information, the Company simply chose to ignore its obligation under FACTA sacrificing the personal financial privacy of its customers.

46. Most of Grayling's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Grayling could have readily done the same.

47. Accordingly, Grayling willfully violated 15 U.S.C. § 1681c(g)(1) with respect to Plaintiff and each member of the Class.

48. Plaintiff and the Class are not required to prove actual damages. 15 U.S.C. § 1681n(a)(1)(A) provides for recovery of actual damages sustained or damages of not less than $100 and not more than $1,000 for each aggrieved consumer. Such provision ensures that individuals can enforce their right to financial privacy without the burden of showing pecuniary harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Grayling and in favor of Plaintiff and the Class and award the following relief:

A. This action be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as a representative of the Class and Plaintiff's attorneys as counsel for the Class;

B. The conduct alleged herein be declared, adjudged and decreed to be unlawful;

C. An award of damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Plaintiff and each member of the Class;

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Attorneys' fees and the Class' costs of suit, pursuant to 15 U.S.C. § 1681n(a)(3);

F. Appropriate equitable relief to ensure that the Company's unlawful conduct does not continue; and

G. An order granting Plaintiff and the Class such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: September 28, 2007

Respectfully submitted,

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Joseph H. Meltzer, PA 80136
jmeltzer@sbtklaw.com
Edward W. Ciolko
eciolko@sbtklaw.com
Gerald D. Wells, III
gwells@sbtklaw.com
Joseph A. Weeden
jweeden@sbtklaw.com
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

BRODSKY & SMITH, LLC
Evan J. Smith, Esq.
1040 N. Kings Highway, Suite 601
Cherry Hill, NJ 08034
(856) 795-7250

***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELISSA PERARIA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 1:07-cv-02216 |
| v. | |
| BRINKER INTERNATIONAL, INC. and DOES 1 through 10, d/b/a CHILI'S BAR AND GRILL | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I, Edward W. Ciolko, hereby certify that the foregoing was filed and served electronically on all parties.

/s/ Edward W. Ciolko

Joseph H. Meltzer
Edward W. Ciolko
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
Phone: 610-667-7706

DATED: September 28, 2007